UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                           Plaintiff,

       v.

PATRICIA O'CONNOR, AND
RICHARD R. DRACHENBERG,

                           Defendants.

_____

**REPORT AND
RECOMMENDATION**

07-CR-86A

       This case was referred to me by Hon. Richard J. Arcara, in accordance with 28 U.S.C. §§636(b)(1)(A) and (B), for all pretrial matters and to hear and report upon dispositive motions (Dkt. #5).   Before me are defendants' jurisdictional challenges (Dkt. ##6, 15).  Oral argument was held on June 26, 2007.  For the following reasons, I recommend that defendants' jurisdictional challenges be denied in their entirety.

## <u>BACKGROUND</u>

       This case was commenced by indictment filed on April 12, 2007, charging defendant O'Connor with five counts of violating 26 U.S.C. §7201 for failing to pay income tax for the calendar years 2000 through 2004 (Dkt. #1, Counts 1-5), and charging both defendants with one count of violating 18 U.S.C. §371 for conspiracy to defraud the United States (<u>Id.</u>, Count 6).  On April 26, 2007, defendants acknowledged their receipt of the indictment and were arraigned in open court (Dkt. #2).

       Following the arraignment, proceedings were adjourned until May 8, 2007 to provide defendants with a further opportunity to consider their decision to appear *pro se*, and for

purposes of entering a scheduling order.  At the May 8 proceedings, defendants submitted to me a document entitled "Notice and Jurisdictional Challenge by Affidavits and Supporting Evidence" ("First Jurisdictional Challenge") (Dkt. #6).  Insofar as that document challenges both this Court's subject matter jurisdiction and the exercise of personal jurisdiction over defendants, I informed the parties that I would treat it as a motion to dismiss (Dkt. #7).  Thereafter, on June 7, 2007, defendants filed an "Objection and Challenge to Jurisdiction and Venue by Affidavit" ("Second Jurisdictional Challenge") (Dkt. #15).  Again, because this document challenges this event's jurisdiction, I will treat it as a motion to dismiss.[1]

        In any event, defendants acknowledge that "[a] district court is obligated to and has the power to raise the question of subject matter jurisdiction even if the parties do not raise the issue" (Dkt. #20, ¶13).  Defendants state that while they "are not asking this Court to do anything by way of this notice, . . . there is probably no need to remind this Court that it may take action on this notice '*sua sponte*'" (Dkt. #6, ¶3).  Therefore, even absent a motion by defendants, I would feel compelled to address this issue.  See Travelers Ins. Co. v. Carpenter, 411 F.3d 323, 328 (2d Cir. 2005) ("[W]here jurisdiction is questionable we are obliged to examine the question *sua sponte*"); Fed. R. Crim. P. 12(b)(3)(B) ("[A]t any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense.").

---

[1]        Apparently in an effort to avoid waiving their jurisdictional arguments, defendants' First Jurisdictional Challenge states that they "are not asking this Court to do anything by way of this notice" (Dkt. #6, ¶3), and their Second Jurisdictional Challenge states that they "do not ask this Court for affirmative relief" (Dkt. #15-1, ¶3).  Defendants' concern is unfounded.  "[J]urisdictional errors are not waived, because they affect the basic authority of a court to hear and decide a case." United States v. Calderon, 243 F.3d 587, 590 (2d Cir. 2001), cert. denied, 533 U.S. 960 (2001).

Defendants contend that this Court does not have jurisdiction because: (1) defendants are not United States citizens (Dkt. ##6, ¶4; 15-1, ¶4); (2) defendants' home in Angelica, New York, and defendant O'Connor's apparent place of employment at 465 Main Street, Buffalo, New York, "are not within the territorial jurisdiction of the United States" (Dkt. #15, ¶8); and (3) there was "no complaint invoking any court's jurisdiction to issue a warrant for [defendants'] seizure" (Dkt. ##6, ¶10; 15 ¶¶7,12).   Defendants also seek a transfer of venue (Dkt. #15, attached memorandum of law dated June 6, 2007, p. 14).

In response to defendants' Jurisdictional Challenges, the government filed a Memorandum of Law (Dkt. #18).  In reply, defendants filed an affidavit in which they raise an additional argument that this Court lacks jurisdiction because 26 U.S.C. §7201 "has never been enacted into positive law" (Dkt. #20, ¶6).

## DISCUSSION AND ANALYSIS

### A.  Jurisdiction

1.   Citizenship of Defendants

Defendants argue that this Court lacks in personam and subject matter jurisdiction because "[t]he [government has] previously stipulated and agreed that [they] are not United States citizens and that [they] are not subject to the legislative jurisdiction of the United States Congress" (Dkt. #6, ¶4).  Although defendants have submitted various letters and filings in which they have attempted to rescind their United States citizenship, I find no evidence that the government has conceded that defendants are not subject to the legislative jurisdiction of the United States.

Even if defendants <u>had</u> lawfully rescinded their United States citizenship and are in fact "de jure New York national[s]", as they claim, (Dkt. #6, p. 8; Dkt. #15, attached Memorandum of Law dated June 6, 2007, ¶3), it is well settled that they remain subject to the jurisdiction of the laws of the United States. <u>See</u> <u>United States v. Sloan</u>, 939 F.2d 499, 500-501 (7th Cir. 1991), <u>cert</u>. <u>denied</u>, 502 U.S. 1060 (1992) (rejecting defendant's argument that he was not subject to the jurisdiction of the United States because he was a "freeborn, natural individual, a citizen of the State of Indiana, and a 'master'-not 'servant'-of his government"); <u>United States v. Gardell</u>, 23 F. 3d 395 (1st Cir. 1994) (unpublished opinion), <u>cert</u>. <u>denied</u>, 513 U.S. 869 (1994) (rejecting defendant's argument that he was a " 'Freeman' without contractual obligations to the government", and thereby not subject to the district court's jurisdiction);  <u>United States v. Jagim</u>, 978 F. 2d 1032, 1036 (8th Cir. 1992), <u>cert</u>. <u>denied</u>, 508 U.S. 952 (1993) (rejecting defendant's argument that as a citizen of the Republic of Idaho, he could not be punished under the tax laws of the United States); <u>United States v. Price</u>, 798 F. 2d 111, 112-113 (11th Cir. 1986) (same); <u>United States v. Hilgeford</u>, 7 F. 3d 1340, 1342 (7th Cir. 1993) (same); <u>Bey v. Internal Revenue Service</u>, No. 1:CV:02-1413, 2003 WL 1700293, at *2 (M.D.Pa. February 25, 2003) (same).

It is also well settled that "[a]ll individuals, natural or unnatural, must pay federal income tax on their wages, regardless of whether they requested, obtained or exercised any privilege from the federal government." <u>Sloan</u>, <u>supra</u>, 939 F. 2d at 501; <u>Studley v. United States</u>, 783 F. 2d 934, 937 (9th Cir. 1986) (rejecting argument that plaintiff was not a taxpayer because she was an "absolute, freeborn and natural individual"); <u>United States v. Gerads</u>, 999 F. 2d 1255, 1256 (8th Cir. 1993), <u>cert</u>. <u>denied</u>, 510 U.S. 1193 (1994) (rejecting  defendants' contention that "they are not citizens of the United States, but rather 'Free Citizens of the Republic of

Minnesota' and, consequently, not subject to taxation"); <u>see also</u> 26 C.F.R. §1.1-1(b) ("In

general, . . . all resident alien individuals are liable to the income taxes imposed by the code

whether the income is received from sources within or without the United States.").  Further,

federal district courts  have jurisdiction over "all offenses against the laws of the United States",

including those involving violations of the tax laws and regulations. 18 U.S.C. §3231; <u>see</u> U.S.

Const. art. III, §2; <u>United States v. Mundt</u>, 29 F. 3d 233, 237 (6th Cir. 1994).

2.     <u>Territorial Jurisdiction</u>

Defendants challenge this Court's jurisdiction over their person, as well as its

subject matter jurisdiction, by arguing that they were "arrested at places that are not within the

territorial legislative jurisdiction of the United States."  (Dkt. #15, ¶8).  Defendants contend that

their home and defendant O'Connor's apparent place of employment are not subject to the

jurisdiction of the United States because jurisdiction exists only "in those places where a State

has ceded and the Federal government has accepted jurisdiction" (Dkt. #15, attached

Memorandum of Law dated June 6, 2007, ¶24).  This argument has been uniformly rejected.  <u>See</u>

<u>U.S. v. Cooper</u>, 170 F. 3d 691, 691 (7th Cir. 1999) (rejecting argument that "only residents of

Washington, D.C., and other federal enclaves are subject to the federal tax laws"); <u>Mundt</u>, <u>supra</u>,

29 F. 3d at 237 (rejecting argument that "federal criminal jurisdiction only extends to the District

of Columbia, United States territorial possessions and ceded territories").[2]  Moreover, article I,

section 8 of the United States Constitution "empowers Congress to create, define and punish

---

[2]     Defendants also rely on 18 U.S.C. §7, entitled "special maritime and territorial
jurisdiction of the United States" (Dkt. #15, attached Memorandum of Law dated June 6, 2007, ¶¶19).
However, this provision is "not relevant to their offenses as that statute only serves to create federal
jurisdiction over traditional state crimes when they take place in the areas designated by the statute", and
defendants have not been charged with any state law crimes.  <u>U.S. v. Russell</u>, Nos. 99-2497-2499, 2505,
2000 WL 1871700, at *1 (6th Cir. December 13, 2000) (unpublished decision).

crimes, *irrespective of where they are committed*". <u>United States v. Collins</u>, 920 F. 2d 619, 629

(10th Cir. 1990), <u>cert</u>. <u>denied</u>, 500 U.S. 920 (1991) (emphasis added).

      3.    <u>Legitimacy of the Indictment</u>

      At the arraignment, and again during the June 11, 2007 proceedings, defendants

acknowledged receipt of the grand jury indictment.  However, defendants argue that this Court

has no personal jurisdiction because they have "never seen nor been provided any complaint,

affidavit or testimony made under oath or affirmation by a competent witness . . . " (Dkt. #15,

¶7).  Defendants are not entitled to a complaint, since they have been indicted by a grand jury.

"[A] defendant may be subjected to trial only upon an indictment or information . . . .  The filing

of a complaint is not even a prerequisite to the filing of an indictment or information."

24 J. Moore, <u>Moore's Federal Practice</u> §603.02[1] (3d ed. 2007).[3]  <u>See also</u> Fed. R. Crim. P.

7(a)(1)(B) ("An offense. . . *must be prosecuted by an indictment* if it is punishable . . . by

imprisonment for more than one year" (emphasis added)).

      In any event, because defendants were representing themselves *pro se* without

benefit of standby counsel at the time the these motions were filed, I will also treat defendants'

motion as challenging the sufficiency of the grand jury indictment itself.  Fed. R. Crim. P.

7(c)(1) provides: "The indictment or the information must be a plain, concise and definite

written statement of the essential facts constituting the offense charged."  "The indictment must

sufficiently inform the defendant of the charges he must meet and must provide enough detail so

that the defendant may plead double jeopardy in a future prosecution based on the same set of

---

    [3]     The charges alleged against defendants are felonies punishable by imprisonment of not
more than 5 years. <u>See</u>  26 U.S.C. § 7201; 18 U.S.C. § 371.

events." United States v. Goodwin, 141 F. 3d 394, 401 (2d Cir.1997), cert. denied, 523 U.S. 1086 (1998) (internal quotation marks omitted).   The Second Circuit has "often stated that an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Stavroulakis, 952 F. 2d 686, 693 (2d Cir. 1992), cert. denied, 504 U.S. 926 (1992) (citations and internal quotation marks omitted).

Counts 1 through 5 of the indictment each allege all elements necessary for establishing a violation of 26 U.S.C. §7201, including that defendant O'Connor willfully attempted to evade payment of federal income tax in the calendar years 2000 through 2004 by failing to file income tax returns (Dkt. #1).  These Counts also contain specific allegations concerning the amount of income defendant O'Connor earned in those years, as well as her income tax liability (Id.).  Likewise, Count 6 of the indictment sufficiently details the alleged conspiracy, including the fictitious entity created by defendants to hide income from defendant O'Connor's services, the amounts collected by that entity, and how these amounts were withdrawn by defendant Drachenberg (Id.).

Consequently, I find that the indictment sufficiently informs defendants of the charges against them and protects them against double jeopardy.  See United States v. Shorter, 608 F. Supp. 871, 875 n. 2 (D.D.C. 1985), aff'd, 809 F. 2d 54, cert. denied, 484 U.S. 817 (1987) (An indictment for tax evasion was valid where it "clearly alleges violation of a cited statute, sets forth all the essential elements of the crime . . . , and details both the amount of the tax deficiencies and the methods alleged to have been employed by defendant to evade the payment of these taxes".).

4.      Validity of 26 U.S.C. §7201

Defendants argue that 26 U.S.C. §7201 under which defendant O'Connor is charged "has never been enacted into positive law" and standing alone is insufficient to impose a criminal penalty (Dkt. #20, ¶6). A criminal penalty "can only attach upon violation of an implementing regulation promulgated by the Secretary of the Treasury". (Id.). However, this argument has consistently been rejected. See, e.g., Carpa v. Smith, No. 96-1435, 1998 WL 723153, at *4 (D. Ariz. July 20, 1998), aff'd, 208 F. 3d 220 (9th Cir. 2000) ("Section 7805(a) of the Internal Revenue Code provides that the Secretary 'shall prescribe all needful rules and regulations for the enforcement of [tax laws] . . . .' This does not mean that implementing regulations are required to enforce every provision in the tax code." (citations omitted)); U.S. v. Washington, 947 F. Supp. 87, 91 (S.D.N.Y. 1996) (same).

**B.  Venue**

The Second Jurisdictional Challenge also challenges venue. Specifically, defendants contend that the government has "not and does not plead with specificity the exact location(s) (venue) where any alleged crimes occurred" and "demand proof of venue" (Dkt. #15, attached memorandum of law dated June 6, 2007, p. 14). "Under 18 U.S.C. §3237(a) venue will lie wherever the attempt to evade taxes was begun, continued, or completed." U.S. v. Slutsky, 487 F. 2d. 832, 839 (2d Cir. 1973), cert. denied, 416 U.S. 937 (1974). Here, the attempt to evade taxes clearly occurred in or around defendants' residence in Angelica, New York. Consequently, I find that this venue is proper in the Western District of New York.

-8-

**C.    Defendants' Remaining Contentions**

Defendants make the following additional arguments challenging the sufficiency of these proceedings:

•    Defendants argue that the arrest warrants were invalid because they were not supported by an affidavit (Dkt. #15, attached Memorandum of Law dated June 6, 2007, ¶¶5-13), did not describe the regulations defendants allegedly violated, were not signed by the clerk of the court, and were not executed within 10 days of their issuance (Dkt. #15, ¶8).   These arguments are unfounded.   While an affidavit is required to support an arrest warrant based upon a complaint, there is no such requirement for a warrant issued after an indictment.   "The finding of an indictment by a  grand jury conclusively establishes probable cause, so an arrest warrant may be issued without an additional showing." Moore's Federal Practice, supra, §609.03; Gerstein v. Pugh, 420 U.S. 103, 117 n. 19, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975).   The arrest warrants issued to defendants complied with the requirements of Fed. R. Crim. P. 9(b)(1), except that they were signed by me, rather than by the clerk of the court.   However, that irregularity does not affect the validity of these proceedings.   "A mere technical error does not automatically invalidate the warrant. 'The true inquiry . . . is . . . whether there has been such a variance as to affect the substantial rights of the accused..' "  United States v. Carter, 756 F. 2d 310, 313 (3d Cir. 1985), cert. denied, 478 U.S. 1009 (1986) (holding that the arrest was not invalidated by a warrant which incorrectly set forth the date of the alleged crime); see also U.S. v. Tramunti, 513 F. 2d 1087, 1115 (2d Cir. 1975), cert. denied, 423 U.S. 832 (1975) ("The fact that the warrant referred to the wrong charge does not make it invalid here").

- Defendants also "reject the Court excluding the time under speedy trial requirements" (Dkt. #15, ¶21). This argument is meritless. All continuances in this case have been properly excluded in accordance with the Speedy Trial Act. The time between defendants' arraignment and the May 8, 2007 attorney status conference was excluded pursuant to 18 U.S.C. §§3161(h)(8)(A), (h)(B)(i), (ii), and (iv) in the interest of justice, to prepare the case by familiarizing themselves with the relevant facts and law, to allow defendants an opportunity to deliberate their decision to proceed *pro se,* and to obtain counsel if necessary (Dkt. ##2, 19). At the May 8, 2007 proceeding, I treated the First Jurisdictional Challenge as a motion which tolled the Speedy Trial Act calendar pursuant to 18 U.S.C. §3161(h)(1)(F) (Dkt. ##7, 10). Additionally, time was excluded pursuant to 18 U.S.C. §§3161(h)(8)(A) and (h)(8)(B)(iv) through June 19, 2007, in the interest of justice and to again allow defendants an opportunity to obtain counsel should they elect to do so (Id.). The time from June 19, 2007 through oral argument of defendants' Jurisdictional Challenges on June 26, 2007 was excluded pursuant to 18 U.S.C. §§3161(h)(1)(F), (h)(8)(A), and (h)(8)(B)(iv), due to the pending motions, in the interest of justice, to provide defendants with a reasonable opportunity to obtain counsel, and to consult with their standby counsel in preparation for oral argument.

- Defendants argue that they were not provided with an opportunity pursuant

to Fed. R. Crim. P. 7(b) to waive prosecution by indictment (Dkt. #15, attached memorandum of law dated June 6, 2007, ¶¶40, 47). However, Rule 7(b) only allows for such waiver, if the matter was commenced by an information and before an indictment is filed. Because an indictment has been filed against defendants this section is inapplicable.

• Defendants contend for the first time that they "are  not the persons identified in any paperwork filed by the alleged plaintiff" (Dkt. #15, ¶4).  Subject to objection, defendants may raise this defense at trial, but this conclusory allegation, absent any supporting evidence, does not provide a basis to dismiss the indictment at this stage of the proceeding.

• Defendants "demand a bona fide Article III judge at all times, and . . . do not consent to a magistrate judge doing anything else in this regard" (Dkt. #15, ¶15).   The assigned Article III Judge in this matter properly conferred authority upon me to hear all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) (Dkt. #5).  This authority will continue during the pre-trial phase of this case absent any contrary order by an Article III Judge.

• Defendants also make several allegations that are unsupported by the record, including that their arraignment "was performed under duress and to escape from the unlawful confinement and mitigate the damages suffered by defendants" (Dkt. 15, ¶9); and  they did not "make a knowing waiver of [their] right to counsel" (Dkt. #15, ¶6).  At each appearance before me, I have admonished defendants to strongly consider retaining an attorney.  I pointed out to them the risks of proceeding *pro se*, although it is their constitutional right to do so if they wish.  I appointed standby counsel (Robert N. Convissar, Esq. and James P. Harrington, Esq.) to advise defendants, and, during proceedings on June 26, 2007, I offered defendants the opportunity to submit financial affidavits to me for *in camera* review, so as to enable them to apply for appointed counsel without jeopardizing their Fifth Amendment Privilege against self-incrimination.  Therefore, at this point, the decision as to whether to continue representing themselves, or to seek representation by counsel, rests solely with defendants.  As directed in my

-11-

separate text order (Dkt. entry dated June 26, 2007), defendants are to advise me of their

decision on July 5, 2007 at 10:00 a.m.

<u>**CONCLUSION**</u>

For these reasons, I find that this Court has in personam and subject matter

jurisdiction, that venue is proper, and that defendants' remaining contentions are meritless.

Consequently, I recommend that defendants' Jurisdictional Challenges be denied in their entirety

(Dkt. ##6, 15). Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk

of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed

with the Clerk of this Court within ten (10) days after receipt of a copy of this Report,

Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and

Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law

and/or evidentiary material which could have been, but was not presented to the magistrate judge

in the first instance. <u>See</u>, <u>e.g.</u>, <u>Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric</u>

<u>Co.</u>, 840 F. 2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of</u>

<u>such time waives the right to appeal the District Court's Order.</u> <u>Thomas v. Arn</u>, 474 U.S. 140,

106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the

Western District of New York, "written objections shall specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for such

objection and shall be supported by legal authority." <u>Failure to comply with the provisions of</u>

<u>Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a</u>

<u>Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal</u>

<u>to consider the objection.</u>

   The Clerk is hereby directed to mail a copy of this Order and a copy of the Report

and Recommendation to defendants.


**SO ORDERED.**



       /s/ Jeremiah J. McCarthy
       JEREMIAH J. MCCARTHY
       United States Magistrate Judge



DATED:  June 27, 2007
    Buffalo, New York