UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

PATRICIA O'CONNOR, and
RICHARD R. DRACHENBERG,

                Defendants.

**REPORT AND RECOMMENDATION**

07-CR-86(A)(M)

---

        This case was referred to me by Hon. Richard J. Arcara, in accordance with 28 U.S.C. §§636(b)(1)(A) and (B), for all pretrial matters and to hear and report upon dispositive motions (Dkt. #5). Before me are defendants' motions to dismiss for: (1) lack of *in personam* jurisdiction and for an evidentiary hearing (Dkt. #53); (2) failure to state an offense pursuant to Fed. R. Crim. P. ("Rule")12(b)(3) and for an evidentiary hearing (Dkt. #54); and (3) a defective indictment pursuant to Rule 12(b)(2) (Dkt. #55).

        Oral argument was held on March 10, 2008, and at that time the government did not object to the supplemental memoranda of law submitted by defendants on the eve of argument (Dkt. ##63, 64). Therefore, I permitted the government to address the claims raised in these submissions (Dkt. #65). However, the government did not avail itself of this opportunity. I also permitted defendants to submit a post-argument letter brief addressing solely defendants' counsel's representation during oral argument that a grand jury must be commenced by a complaint (Dkt. #66). For the following reasons, I recommend that defendants' motions (Dkt. ##53, 54, and 55) be DENIED.

**BACKGROUND**

This case was commenced by indictment filed on April 12, 2007 charging defendant Patricia O'Connor with five counts of violating 26 U.S.C. §7201 for failing to pay income tax for the calendar years 2000 through 2004 (Dkt. #1, Counts 1-5), and charging both defendants with one count of violating 18 U.S.C. §371 for conspiracy to defraud the United States (Id., Count 6). On April 26, 2007, defendants acknowledged their receipt of the indictment and were arraigned in open court (Dkt. #2).

While proceeding *pro se,* defendants submitted to me documents entitled "Notice and Jurisdictional Challenge by Affidavits and Supporting Evidence" ("First Jurisdictional Challenge") (Dkt. #6), and "Objection and Challenge to Jurisdiction and Venue by Affidavit" ("Second Jurisdictional Challenge") (Dkt. #15). Insofar as these documents challenged both this court's subject matter jurisdiction and the exercise of personal jurisdiction over defendants, I treated these documents as motions to dismiss, and issued a Report and Recommendation dated June 27, 2007 denying these motions (Dkt. #23).

After defendants had retained counsel, they filed objections with Judge Arcara to my June 27, 2007 Report and Recommendation (Dkt. #43). Following oral argument on defendants' objections, Judge Arcara adopted my Report and Recommendation (Dkt. #51). Thereafter, defendants filed these motions.

Defendants' motion to dismiss for lack of *in personam* jurisdiction argues that personal jurisdiction is lacking because (1) defendants have never "voluntarily submitted to the

-2-

Court's jurisdiction"; (2) they are not defendants because they have not been apprised of any regulation that would constitute a crime, and consequently it is impossible for them to knowingly, willingly or intentionally enter a plea; (3) there is no controversy before the Court because no plea has been entered; (4) the indictment does not fully apprise them of the true nature of the charges against them; (5) they are not the persons named in the indictment; and (6) no complaint made under oath has been entered (Dkt. #53, Memorandum of Law, pp. 2-4). Defendants' supplemental memorandum of law argues that because the arrest warrants accompanying the indictment were not supported by oath or affirmation, there is no jurisdiction over defendants (Dkt. #64).

Defendants' motion to dismiss pursuant to Rule 12(b)(3) argues that the indictment fails to allege an offense against defendant O'Connor because 26 U.S.C. §7201 lacks an implementing regulation (Dkt. #54, Memorandum of Law, pp. 4-11).

Defendants' motion to dismiss pursuant to Rule 12(b)(2) argues that the indictment is defective because the Internal Revenue Service ("IRS") is a private entity, and not a bureau or agency of the United States (Dkt. #55, Memorandum of Law; Dkt. #63).

In connection with these motions, defendants request an evidentiary hearing because the documents that have been submitted as exhibits in support of their various jurisdictional challenges "have not been admitted as evidence" (Dkt. #53, p. 11; Dkt. #54, p. 11). They further argue that an evidentiary hearing is necessary "in order to make the record complete and enable this Court to render a decision" (Id.). Defendants also request an evidentiary hearing in connection with their argument that the IRS is not an agency of the government to establish that "so-called IRS agents . . . have manipulated the IRS' computerized

administrative records . . . to reflect fraudulent activity codes involving the Accused in alcohol, tobacco and firearms activities in a foreign venue" (Dkt. #63, p. 9).

## DISCUSSION AND ANALYSIS

A.  **The law-of-the-case doctrine bars defendants' arguments that were previously raised and rejected.**

Defendants' motion to dismiss for lack of *in personam* jurisdiction repeats many of the arguments previously raised in their First and Second Jurisdictional Challenges. The government argues that these arguments are foreclosed by the law-of-the-case doctrine (Dkt. #60, Point II(A)).

The law-of-the-case doctrine dictates that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." United States v. Uccio, 940 F. 2d 753, 758 (2d Cir. 1991). Therefore, the court should ordinarily "adhere to its own prior rulings in a given case absent cogent or compelling reasons to deviate, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id.

Defendants' current arguments - - that this court lacks personal jurisdiction over them because they have never made a voluntary appearance or plea, that they are not the defendants named in the indictment, that the indictment does not fully apprise them of the true nature of the charges brought against them, that they have not been presented with a complaint under oath, and that an arrest warrant must be accompanied by a complaint under oath (Dkt. #6, ¶10; #15, ¶¶4, 7, 9, 12; Dkt. #66, p. 1) - - were previously raised and rejected by this court (Dkt.

#23, pp. 6, 7, 9, and 11; Dkt. #51). Also previously rejected was defendants' argument (Dkt. #20, ¶6) that the indictment was defective because 26 U.S.C. §7201 lacks an implementing regulation (Dkt. #23, p. 8). Defendants having submitted no basis for me to conclude that the previous rulings were incorrect, I recommend that these arguments should be rejected under the law-of-the-case doctrine.

### B. Defendants' new arguments[1]

#### 1. No controversy exists before the Court

Defendants argue that without a plea in a criminal matter there is no controversy before the Court, and because no plea has been entered in this case, the Court lacks jurisdiction (Dkt. #53, Memorandum of Law, Point IV). This is incorrect.

At defendants arraignment they refused to enter a plea to the indictment. Consequently, at that time, pursuant to Rule 11(a)(4), I entered a plea of not guilty on defendants' behalf. Consequently, there is no merit to their contention that pleas were not entered in this case.

#### 2. The IRS is not an agency of the United States

Defendants argue that the indictment is defective because the IRS is not an agency of the United States, but rather a private corporation organized under Delaware law (Dkt. #55).

---

[1] At oral argument, defendants' attorney attempted to raise new arguments concerning the legal sufficiency of the factual allegations in the indictment. However, since he conceded that these arguments were not raised in defendants' motions, I decline to consider them.

Defendants raise a number of arguments in support of this proposition, including that the Bureau of Internal Revenue, the predecessor to the IRS, was not created by the U.S. Congress, the functions of the Bureau of Internal Revenue have been transferred to the Alcohol, Tobacco, Tax and Trade Bureau ("ATTTB"), which only has authority to enforce portions of the Internal Revenue Code, in foreign venues including the Virgin Islands and Puerto Rico (Dkt. #63, pp. 1-2).

At oral argument defendants' attorney acknowledged that several cases have held that the IRS is a governmental agency and not a private corporation. See e.g., Young v. Internal Revenue Service., 596 F. Supp. 141, 147 (D.C. Ind. 1984) ("The IRS is a validly created governmental agency and not a 'private corporation' "); Salman v. Department of the Treasury-Internal Revenue Service, 899 F. Supp. 471, 472 (D.Nev. 1995) ("There is no basis in fact for Salman's contention that the IRS is not a government agency of the United States".); United States v. Fern, 696 F. 2d 1269, 1273 (11th Cir. 1983) ("Clearly, the Internal Revenue Service is a 'department or agency' of the United States."). However, defendants' attorney suggested that those courts did not have the benefit of the record or arguments asserted in this court.

Contrary to defendants' position, "it is apparent that these cases are not mere isolated incidences with a peculiar coincidental similarity. These tax protestors, with their mass-produced attachments, complaints, motions and memoranda, all march to a common drummer". Vaughn v. United States, 589 F. Supp. 1528, 1533 (W.D. La. 1984). I "perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit. The constitutionality of our

income tax system - including the role played within that system by the Internal Revenue Service and the Tax Court - has long been established". Crain v. Commissioner of Internal Revenue, 737 F. 2d 1417, 1418 (5th Cir. 1984).[2]

Defendants arguments ignore the "host of constitutional and statutory authority in support of the IRS being an agency of the United States." Dunn v. Internal Revenue Service, 2007 WL 2050830, *1 (E.D.Mich. 2007). "Article I, section 8 and the sixteenth amendment also empowers Congress to create and provide for the administration of an income tax". United States v. Collins, 920 F. 2d 619, 629 (10th Cir. 1990), cert. denied, 500 U.S. 920 (1991). "It is clear. . . that the Internal Revenue Code of 1954, a statute of Congress, gave the Secretary of the Treasury full authority to administer and enforce the Code, 26 U.S.C. §7801, and the power to create an agency to administer and enforce the tax laws. See 26 U.S.C. §7803(a). Pursuant to that legislative grant of authority, the Secretary created the IRS, 26 C.F.R. §601.101, so that the IRS is an agency of the Department of the Treasury, created pursuant to Congressional statute." Snyder v. Internal Revenue Service, 596 F. Supp. 240, 247 (N.D.Ind. 1984); Young, supra, 596 F. Supp. at 147 ("It is clear that the Secretary of the Treasury has full authority to administer and enforce the Internal Revenue Code, 26 U.S.C. §7801, and has the power to create an agency to administer and enforce the laws. See 26. U.S.C. §7803(a). Pursuant to this legislative grant of

---

[2] As an example of the frivolous nature of defendants' arguments, they rely on a purported Dunn and Bradstreet Report, which they contend indicates that the "Internal Revenue Service is incorporated as a non-profit corporation under the name "Internal revenue service recreation association, inc." (Dkt. #63, p. 23). However, the document merely demonstrates that the Internal Revenue Service Recreation Association, Inc. was incorporated in 1983 (probably much like the Treasury Department Recreation Association, Inc., which was incorporated in 1983 as an all-volunteer organization in support of Treasury employees, www.recgov.org/treasury/index.html), not that the IRS was incorporated under this name.

authority, the Secretary of the Treasury created the IRS. 26 C.F.R. §601.101. The end result is that the IRS is a creature of 'positive law' because it was created through congressionally mandated power."); Donaldson v. United States, 400 U.S. 517, 534 (1971) ("The Internal Revenue Service is organized to carry out the broad responsibilities of the Secretary of the Treasury under §7801(a) of the 1954 Code for the administration and enforcement of the internal revenue laws.").

While defendants cite Treasury Order 120-01 in support of their argument that the functions of the IRS were delegated to the ATTTB (Dkt. #63, pp. 19-20), they overlook the fact that this Treasury Order specifies that the ATTTB only exercises the functions of the Treasury Secretary in the administration and enforcement of certain provisions of the IRC (Chapters 51 and 52 and Sections 4181 and 4182 of the IRC of 1986) relating specifically to alcohol, tobacco and certain other excise taxes.[3]

Although defendants are certainly entitled to defend themselves in this case, they run the risk of sanctions by advancing frivolous arguments. "The Court has the power to impose attorneys' fees, both under 28 U.S.C. §1927 and under its inherent equitable powers, if there has been a clear showing of bad faith". United States v. Milito, 638 F. Supp. 974, 977 (E.D.N.Y. 1986). Although the government suggests that sanctions would be appropriate, it has not formally requested that relief (Dkt. #60, p. 1 n. 1), and I therefore do not recommend that sanctions be imposed at this time. However, I admonish defendants and their attorney that

---

[3] Defendants' motions also request evidentiary hearings. However, absent any legal or factual support for defendants' arguments, I also decline this aspect of defendant's motions.

sanctions *may* be imposed in the future if they continue to advance arguments that have been addressed and rejected by this and other courts, or which lack a reasonable basis in law or fact.

## CONCLUSION

For these reasons, I recommend that defendants' motions to dismiss (Dkt. ##53, 54, and 55) be DENIED. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u> Thomas v. Arn, 474 U.S. 140, (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of</u>

Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge

DATED:   March 28, 2008